```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF ARKANSAS
                   EL DORADO DIVISION
```

PAMELA JACKSON o/b/o
DECARIUS JACKSON                                        PLAINTIFF

v.                        Case No. 05-1097

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,                                DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff seeks judicial review of the Commissioner's denial of her request for child's Supplemental Security Income pursuant to Section 1614(a)(3)(C) of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended and Title II, 42 U.S.C. § 401 *et seq*. Plaintiff has exhausted all administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is appropriate. After reviewing the record, the Court AFFIRMS the decision of the Commissioner.[1]

Plaintiff protectively filed an application for SSI on Decarius' behalf on April 30, 2003 (Tr. 59-63). Plaintiff alleged that Decarius had been disabled since birth (July 18, 1991) due to mental retardation and a speech/language impairment (Tr. 101). The ALJ, in a written decision dated August 16, 2005, found that Decarius was not disabled and ineligible for SSI payments. (Tr. 12-19).

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## I. Background

The complete facts and arguments are presented in the parties' briefs, and will be duplicated only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record sets forth his findings and it will not be repeated except to the extent necessary to address Plaintiff's arguments.

## II. Standard of Review

We review the Commissioner's denial of a child's SSI disability benefits by considering whether the decision is supported by substantial evidence. *See Briggs v. Callahan,* 139 F.3d 606 (8th Cir. 1998); *Young ex rel Trice v. Shalala*, 52 F.3d 200 (8th Cir. 1995). Substantial evidence exists when a reasonable mind would conclude that the evidence is adequate to support the Commissioner's decision, "consider[ing] evidence that detracts from the Commissioner's decision, as well as evidence that supports it." *Briggs*, 139 F.3d at 608.

A child is considered disabled if he has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of at least twelve months. *See* 42 U.S.C. 1382c(a)(3)(C)(i). There is a three step process for making the disability determination. First, the ALJ must determine whether the child has engaged in substantial

gainful activity. *See* 20 C.F.R. 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. *See* 20 C.F.R. 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meet(s), medically equal(s), or functionally equal(s) a listed impairment. *See* 20 C.F.R. 416.924(d). In the present case, the ALJ found that Decarius' claim failed at step three, as Decarius did not have an impairment that met or medically or functionally equaled a listed impairment. We believe substantial evidence supports this finding.

Plaintiff contends that Decarius' impairments meet or medically equal the requirements of Listing 112.05 Mental Retardation (D). *See* 20 C.F.R. Part 404, Subpt. P, App. 1, Section 112.05(D). This Listing is met if the child has a valid, verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function. *Id*. The ALJ found that the record indicated Decarius had scores in the 60 to 70 range in December 2000 (Tr. 15 & 146) but noted that in June 2003, Decarius obtained a performance IQ of 82, a verbal IQ of 70 and a full scale IQ of 74. (Tr. 15 & 185). Defendant admits that Decarius' IQ scores are within the range of the listing, but contends the ALJ was justified in concluding that Decarius did not meet the listing as he did not have "a physical or other

3

mental impairment imposing an additional and significant limitation of function." (Doc. 10, p. 6). The ALJ noted that the June 2003 scores indicated that Decarius "functioned in the borderline range of intelligence" and that Decarius "participates in school activities and after school activities, which indicate [Decarius] is functioning much higher than in the mental retardation range." (Tr. 15). This is consistent with the findings of Kenneth Robinson, the Licensed Psychological Examiner who examined Decarius in June 2003 finding that Decarius' adaptive functioning was not consistent with a diagnosis of Mental Retardation. (Tr. 186). Accordingly, we agree that substantial evidence supports the ALJ's determination that Decarius' impairments do not meet or medically equal a listed impairment.

We next address whether Decarius' impairments are functionally equal to any listed impairment. 20 C.F.R. 416.926a(a). Functional equivalence may be established by demonstrating marked limitations in two, or extreme limitations in one of the following areas: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). Plaintiff contends Decarius has marked limitations in acquiring and using information; attending and

4

completing tasks; and interacting and relating with others. (Doc. 9). A "marked" limitation in a domain exists when an impairment interferes seriously with the ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. 416.926a(e)(2). "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." *Id*. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean. *Id*.

The ALJ found that Decarius has less than "marked" limitations in acquiring and using information and attending and completing tasks. (Tr. 16-17). While Decarius receives modifications in the classroom, the evidence supports the ALJ's finding that Decarius is in the borderline range of intelligence, but he is not mentally retarded. The ALJ observed Decarius at the hearing and found that Decarius understood the ALJ's questions and responded age appropriately. *Id*. Further, in December 2003, Kenneth Robinson found that Decarius could "follow simple instructions" and was able to "understand [and] retain instructions to perform simple, repetitive tasks." (Tr. 186). Mary Ellen Lowe, Decarius' Special Education Instructor, notes that Decarius had difficulty concentrating and staying on task. (Tr. 67-68, 136). However, during his evaluation on June 18, 2003, Kenneth Robinson personally observed that "Decarius

5

could focus and stay on task." (Tr. 186).

The ALJ found Decarius has no limitations in interacting and relating with others. The evidence indicates that Decarius has had problems in the past with fighting and peer pressure. However, we do not find from the record evidence that would support a finding of "marked" limitation in this domain. The ALJ observed Decarius at the hearing and found him to be polite, articulate and responsive to his questions. (Tr. 17). On September 18, 2003, Ms. Lowe indicated that "Decarius does not have a social behavior deficiency." (Tr. 67). Mr. Robinson found that Decarius could communicate effectively and "conducted himself appropriately and related to the examiner in a satisfactory manner." (Tr. 185-86).

We believe the forgoing evidence supports the ALJ's conclusion that Decarius does not suffer marked limitations in two, or extreme limitations in one of the relevant areas.

### III.  CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is **AFFIRMED**. Plaintiff's case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATE: January 17, 2007

                                       /s/ Robert T. Dawson
                                       HONORABLE ROBERT T. DAWSON
                                       UNITED STATES DISTRICT COURT JUDGE

AO72A
(Rev. 8/82)